IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CERTAIN UNDERWRITERS AT
LLOYD & PARTNERS, LONDON,
SUBSCRIBING TO POLICY NUMBER
DC1602445,

      Plaintiffs,

  v.                                 No. 1:18-cv-00336-MV-LF

TRIMAC TRANSPORTATION GROUP,
INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Cause of Action and Rule 12(f) Motion to Strike [Doc. 41], filed January 14, 2019. As the Court will explain below, having considered the briefs, relevant law, and being otherwise fully informed, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiffs filed their initial complaint on December 18, 2017, in the Fourth Judicial District Court, Guadalupe County, New Mexico, to recover damages sustained from an accident that occurred on December 17, 2016, involving a tractor trailer owned by Defendant. Doc. 1-1. The case was removed to this Court based on diversity jurisdiction on April 10, 2018. Doc. 1.

On December 31, 2018, Plaintiffs filed their First Amended Complaint, alleging three causes of action: negligence, negligence per se, and res ipsa loquitur. Doc. 36. The res ipsa loquitur claim states:

> 43. The Trimac Truck at issue in the aforementioned accident was Defendant, Trimac's, responsibility to manage and control.
>
> 44. The aforementioned accident which caused damage to the Cargo is the type of event which does not ordinarily occur in the absence of negligence on the part of Defendant, Trimac, in control of the Trimac Truck.
>
> 45. As a direct and proximate cause of Defendants' negligence, Plaintiffs suffered loss of the Cargo in an amount to be proven at trial, but in no event less than $34,234,984.53.

*Id.* at 8.

Defendant requests that the Court "dismiss with prejudice the claim of 'res ipsa loquitor' [sic] because it is not a cause of action at all" and strike "all allegations relative to res ipsa loquitor [sic] . . . from the Complaint as immaterial and impertinent." Doc. 41 at 1-2.

## STANDARD

The case was removed to this Court on diversity jurisdiction. New Mexico substantive law, therefore, controls. *See Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 668 (10th Cir. 2018) ("[I]n a federal diversity action, the district court applies state substantive law – those rights and remedies that bear upon the outcome of the suit—and federal procedural law – the processes or modes for enforcing those substantive rights and remedies.").

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999)). Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may

2

strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## DISCUSSION

"Res ipsa loquitur is not a cause of action" – it is an evidentiary rule that permits the jury "to infer that the defendant was negligent in some unspecified way when, on the evidence adduced, there is a rational basis in common experience or expert testimony for finding (1) that the injury was probably the result of negligence, and (2) that the defendant was at least one of the persons who was probably negligent." DAN B. DOBBS ET AL., THE LAW OF TORTS § 169 (2d ed.), Westlaw (database updated June 2019).

> This Court, as recently as 2017, decided this very issue in *Smith v. City of Roswell*:
>
> Plaintiffs set out res ipsa loquitur as a separate claim in the Second Amended Complaint; however, this is improper. Res ipsa loquitur is a method of proving negligence by inference and is not a substantive tort. *Strong v. Shaw*, 1980-NMCA-171 ¶ 10, 629 P.2d 784. "In New Mexico, [ ] res ipsa loquitur is simply 'a rule of evidence.'" *Mireles v. Broderick*, 1992-NMCA-011 ¶ 6, 827 P.2d 847, *rev'd on other grounds*, 1994-NMSC-041, 872 P.2d 863 (quoting *Strong v. Shaw*, 1980-NMCA-171 ¶ 10). Because res ipsa loquitur is not a substantive tort, the Court will dismiss the claims with prejudice.

Doc. 26 at 35 in No. 2:15-cv-01004-KG-KRS (D.N.M. May 25, 2017).

Plaintiffs, however, contend that res ipsa loquitur is a proper claim, relying on *Mitchell v. Ridgway*, 421 P.2d 778 (N.M. 1966), and New Mexico Civil Uniform Jury Instruction 13-1623. Doc. 45 at 4-5. Plaintiffs' reliance on such authorities is misguided.

*Mitchell* concerned a claim that "contained in the alternative allegations designed to invoke the benefit of res ipsa loquitur" that the "trial court dismissed . . . for failure to state a claim upon which relief could be granted and for the further reason that the rule of res ipsa loquitur was not applicable." 421 P.2d at 781. The New Mexico Supreme Court reversed, with little discussion,

3

holding that the claim "stated a cause of action." *Id.* The opinion does not state what the actual claim was. But it does not appear that the claim was for res ipsa loquitur, as Plaintiffs assert, because the Court stated that the claim "contained in the alternative allegations *designed to invoke the benefit of res ipsa loquitur*" and twice referred to res ipsa loquitur as a rule. *Id.* (emphasis added).

New Mexico Civil Uniform Jury Instruction 13-1623 is titled "Circumstantial Evidence of Negligence ('Res Ipsa Loquitur')" and lays out the instruction to be used should the evidence call for it. Of note, the instruction's commentary cites *Strong v. Shaw*, which explains that "[res ipsa loquitur] helps to establish negligence[,] nothing else. Res ipsa loquitur is a rule of evidence, not of substantive tort law." 629 P.2d 784, 786 (N.M. Ct. App. 1980).

## CONCLUSION

Plaintiffs' res ipsa loquitur cause of action fails to state a claim upon which relief may be granted. Res ipsa loquitur is an evidentiary rule, not a cause of action. Because the Court is granting Defendant's motion to dismiss Plaintiffs' cause of action for res ipsa loquitur, Defendant's alternative request that the Court strike "all allegations relative to res ipsa loquitor [sic] . . . from the Complaint as immaterial and impertinent" is moot. Doc. 41 at 2.

**IT IS THEREFORE ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Cause of Action and Rule 12(f) Motion to Strike [Doc. 41], filed January 14, 2019, is **GRANTED**.

Dated this 24th day of July, 2019.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:　　Attorney for Defendant:
Conte C. Cicala　　　　　　Yosef W. Abraham